UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL EARL BOSSE,<br><br>        Plaintiff,<br>v.<br><br>CORIZON, LLC,<br><br>        Defendant. | Case No. 1:19-cv-00268-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

The Court has before it two of Plaintiff Michael Earl Bosse's motions. The first is his Motion to Compel (Dkt. 25), and the second is his Motion for Emergency Injunction (Dkt. 30). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES both motions.

## II. BACKGROUND

On July 10, 2019, Bosse filed his pro se prisoner Complaint alleging that he received inadequate medical care for injuries he sustained in an inmate altercation on or about January 18, 2017. Dkt. 3. Bosse claims that it is against Defendant Corizon, LLC's

ORDER - 1

("Corizon") policy to provide the medical care he was supposed to receive and that such a policy violates his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* The Court issued its Initial Review Order on September 11, 2019, permitting Plaintiff to proceed on his § 1983 claim. Dkt. 9.

Since then, the parties have engaged in disputatious discovery. On November 24, 2019, Bosse mailed Corizon his initial disclosures and requests for discovery. In relevant part, Bosse included the following discovery requests, which were focused on the Idaho Department of Corrections' ("IDOC") policies:

> #11 Please provide policy & procedure & protocol for IDOC contractual obligation to treat – how/when bone fractures sprains.
>
> #12 I need a report, print off of all fights in RDU 15 House and all inmates that required treatment of broken bones and compound fractures & spr[ai]ns that were treated from Jan to Dec 2017.
>
> . . . .
>
> Requesting Production, #4 My doctor[']s [laptop] hard drive notes, day of prognosis & plan, & attachments.

Dkt. 26, at 2 (cleaned up). On December 31, 2019, Corizon responded to Bosse's requests and pointed out that it does not have possession of IDOC policies and information. Specifically, Corizon stated:

> **ANSWER TO INTERROGATORY NO. 11**: Defendant objects to this request on the grounds that it is confusing, vague and overly broad. Without waiving said objections, Defendant states that it is not in possession of IDOC policies, that Defendant is not aware of any IDOC policies specific to bone fractures or sprains and that if any such policies exist regarding bone fractures or sprains Plaintiff can obtain a copy of the IDOC policies online at http://forms.idoc.idaho.gov/.

ORDER - 2

>**ANSWER TO INTERROGATORY NO. 12**: Defendant objects to this request on the grounds that it is confusing, overbroad and not likely to lead to the discovery of admissible evidence. Additionally, Defendants state that any and all reports of altercations within IDOC are not in the possession of Defendants. Finally, this request for a list of inmates that required medical treatment violates HIPPA.
>
> . . . .
>
> **RESPONSE TO REQUEST NO. 4**: Defendant objects to this request as unduly vague, confusing, overbroad, unduly burdensome and not proportional to the needs of this case. Without waiving said objections, Defendant directs Plaintiff attention to his medical file, Bates No. PBL0001-407 which was produced pursuant to Defendant's Initial Disclosures.

Dkt. 26, at 2–3.

The parties subsequently exchanged several letters about these discovery issues. Through such communication, Bosse changed his request from seeking IDOC's policies to Corizon's policies and suggested that Corizon's response could avoid violating HIPPA by excluding names, identification numbers, and other personal identifiers. *Id.* at 3. Corizon subsequently responded to Bosse's new discovery request, stating:

> A search was performed for Corizon policies related to and addressing the treatment of broken bones and sprains and no such policies exist. Providers and nurses treat broken bones within the scope of their training, education and experience and licensure.
> . . . .
>
> You again request a report outlining a list of all inmate assaults or altercations which occurred in RDU wherein the inmate suffered a sprain or broken bone. As previously indicated in Corizon's responses to your discovery requests dated December 31, 2019, any and all reports of altercations that occurred within IDOC are not in Corizon's possession. This request is incorrectly propounded to Corizon. Additionally, this type of information, even if inmate names and IDOC numbers are removed/redacted as you request, violates HIPPA.

*Id.* at 4.

ORDER - 3

After further exchanges between the parties on these issues, Bosse mailed an affidavit expressing his intent to seek an order compelling responses to his requests. Additionally, Bosse mailed another letter requesting the information once again. Corizon's position did not change. Having arrived at an impasse, Bosse filed the instant Motion to Compel. Dkt. 25.

On October 6, 2020, Bosse also filed a Motion for Emergency Injunction in this case and an identical motion in another case currently before the Honroable Ronald E. Bush. *Compare* Dkt. 30, *with* 1:19-cv-00271-REB, Dkt. 47. Therein, Bosse argues that the defendants in that other case currently are retaliating against him for his claims in that case.

### III. DISCUSSION

Before addressing Bosse's Motion to Compel, the Court denies Bosse's Motion for Emergency Injunction (Dkt. 30) for several reasons. To begin, the motion is entirely unrelated both to this action and to Corizon, as is clear from the motion's heading and substance. *See id.* Instead, it relates exclusively to Bosse's other case and the defendants therein. It appears to the Court that the motion was filed in this case out of an overly zealous litigation approach on Bosse's part. Simply put, the motion is not appropriately before the Court in this case.

Additionally, because Bosse is no longer incarcerated in a facility under Corizon's care,[1] Bosse's motion is moot. *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per

---

[1] Bosse was originally held in a prison facility in Idaho, but at some point, he was transferred to Texas. Bosse's Motion for Emergency Injunction itself indicates that he has been moved from the prison facility in Texas to one in Arizona. In fact, many of the alleged mistreatments involve his transfer to that facility.

ORDER - 4

curiam) (holding that when an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility, injunctive relief is moot because the plaintiff was no longer subjected to the allegedly unconstitutional policies) *Reed v. Barcklay*, No. CV11-01339-JAT, 2014 WL 7178363, at *4 (D. Ariz. Dec. 17, 2014) (dismissing an injunctive relief claim against a defendant medical provider as moot because the plaintiff was transferred to a different facility and was "no longer under Defendant's care"). In short, Bosse's Motion for Emergency Injunction in this case is denied.

The Court turns next to Bosse's Motion to Compel. In it, Bosse requests the Court to compel Corizon to disclose three things: (1) pursuant to Interrogatory No. 11, any policies or procedures it has related to treating broken bones; (2) pursuant to Interrogatory No. 12, statistics or information regarding Corizon's treatment of other inmates' broken bones in a period between 2016 to 2019; and (3) pursuant to Request for Production No. 4, access to his treating doctor's computer files on the day of treatment, January 22, 2017. Dkt. 25, at 3–5. Bosse also requests sanctions.

In its Response, Corizon asserts that Bosse's requests should be denied because his discovery requests are improperly expansive as they add further discovery without previously attempting to update his requests or to meet and confer with Corizon. Bosse counters that his requests are a mere rewording of his previous requests. Both parties are correct to some extent.

---

*See generally* Dkt. 30. Corizon asserts that it "does not provide medical care at either the Texas or Arizona prison facilities." Dkt. 31, at 5. Bosse does not dispute this assertion.

Under Federal Rule of Civil Procedure 37(a), "a party may move for an order compelling disclosure or discovery," but "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Prisoner litigants are not exempt from the requirement to meet and confer. However, their written communications may satisfy the requirement. *See* Dist. Idaho Loc. Civ. R. 37.1; *Brown v. Dobler*, No. 1:15-CV-00132- CWD, 2015 WL 7185432, at *6 (D. Idaho Nov. 13, 2015) ("Under this Court's local rules, pro se prisoners may meet the requirement to confer via written communications," but "[a] motion to compel must be accompanied by a certification that the movant has done so."). Discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." *Id.*

Here, as an initial matter, Bosse checked the procedural meet-and-confer box in general by mailing to Corizon an affidavit expressing his intent to seek an order to compel the requests. Nevertheless, that affidavit was only effective insofar as it dealt with requests Bosse had in fact made before sending it. Thus, it was sufficient for the first and third requests as they are more akin to rewording, but not for the second request, which is undoubtedly expansive.

Indeed, Bosse's second request has changed every time he has sought discovery. He originally sought IDOC's records of altercation. Then, he sought Corizon's records of previously treated broken bones. Now, his request has become more specific and detailed

ORDER - 6

to that same end. Therefore, Bosse's second request must be denied on procedural grounds. Bosse must send his specific request to Corizon, allow Corizon to respond, and then satisfy the meet-and-confer requirement before seeking a motion to compel on this issue. Fed. R. Civ. P. 37(a).

However, to the extent Bosse's new request does not violate the law—for instance HIPPA[2]—it is likely that the Court will require Corizon to disclose the medical records of others treated for broken bones redacting all necessary personal information. These medical records are relevant to Bosse's claim because they may assist him in proving that Corizon has a policy or custom of delaying and mistreating broken bones, as he alleges. After all, Bosse must establish that the execution of *an official policy or unofficial custom* inflicted the injury of which the plaintiff complains. *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 694 (1978); *see also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell* to private entities). Specifically, under *Monell*, Bosse must show that (1) he was deprived of a constitutional right, (2) the entity had a policy or custom, (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right, and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

---

[2] Corizon asserts that disclosing the statistics and information on its treatment of other individual's broken bones would violate HIPPA. Bosse counters that the personal information of those individuals may be redacted, thereby avoiding any HIPPA violation. Despite these arguments, the issue has not been adequately briefed for the Court to make an informed ruling. If the parties cannot come to an agreement about the information, either party may address the issue anew at an appropriate time.

Bosse's first and third requests for information are denied for other reasons. While a party may move to compel disclosure of discoverable evidence, a responding party must produce only evidence that is within its "possession, custody, or control." *See* Fed. R. Civ. P. 34(a)(1); *United States v. Int'l Union of Petrol. & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). "The party seeking production of the documents . . . bears the burden of proving that the opposing party has" possession, custody, or control over the evidence requested. *Int'l Union of Petrol.*, 870 F.2d at 1452.

As to the policies and procedures related to treating broken bones—the first request—Corizon asserts that it does not have such policies and that treatment is left to the treating physician's discretion depending on the circumstances of the particular injury. Because Bosse has not carried his burden of showing that Corizon has possession of those policies, or that they even exist for that matter, his request to compel disclosure thereof is denied. *See id.*; *Hayes v. Nettles*, No. 1:16-cv-00534-DCN, 2020 WL 5898775, at *2 (D. Idaho Oct. 5, 2020) ("Defendants cannot be forced to produce something that does not exist."); *Vanzant v. Wilcox*, No. 2017 WL 2541402, at *5 (D. Idaho June 12, 2017) (explaining that unless a party shows otherwise, "the Court cannot compel production of records the Corizon Defendants aver do not exist").

Additionally, upon review, Bosse's request to access his treating physician's hard drive or computer—the third request—is unreasonably cumulative and burdensome to Corizon because Corizon has already produced the same relevant medical records in the form of approximately 450 printed pages. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Therefore, Bosse's request to compel disclosure thereof is also denied.

## III. ORDER

The Court HEREBY ORDERS:

1. Bosse's Motion to Compel (Dkt. 25) is **DENIED**.

2. Bosse's Motion for Emergency Injunction (Dkt. 30) is also **DENIED**.

DATED: December 10, 2020

_____
David C. Nye
Chief U.S. District Court Judge