UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL EARL BOSSE,<br><br>    Plaintiff,<br><br>v.<br><br>CORIZON, LLC,<br><br>    Defendant. | Case No. 1:19-cv-00268-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

This case involves an Eighth Amendment claim brought by inmate Michael Earl Bosse against Defendant Corizon, LLC ("Corizon"). Currently pending before the Court is Corizon's Motion for Summary Judgment Dkt. 36. The parties have filed their responsive briefing on the motions and/or the time for doing so has passed without response.

Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motions on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For reasons stated herein, the Court GRANTS Corizon's Motion for Summary Judgment.

## II. BACKGROUND

Bosse is an Idaho Department of Corrections ("IDOC") prisoner currently

incarcerated in an Arizona private prison. Dkt. 36-2, at 1. Before being housed in Arizona, Bosse was incarcerated in an Idaho state prison. *Id.* at 2. While incarcerated in Idaho, Bosse was assaulted by another inmate on January 18, 2017, and was consequently transferred to segregation. *Id.* Bosse alleges Corizon provided him with inadequate medical care for the injuries he sustained in the altercation. Corizon suggests summary judgment is appropriate because Bosse failed to exhaust his administrative remedies prior to filing suit.

IDOC has a three-step grievance process, which requires an inmate to: (1) seek an informal resolution of the matter by completing an Offender Concern Form; (2) complete a Grievance Form if an informal resolution cannot be accomplished; and (3) file an appeal of the response to the grievance. *See* Dkt. 36-3, at 2–4. Upon completion of all three steps, the inmate grievance process is exhausted. *Id.* at 4.

Bosse alleges after he was transferred to segregation, he was told he would receive treatment, but no one returned to his cell until the next day. Dkt. 3, at 2. As a result of the fight, Bosse alleges his nose, wrist, and finger were broken, that he sustained contusions to his head and face and broken skin on his lips, face, and eye, and tore the meniscus in his knee. *Id.* Bosse claims he demanded x-rays for his broken bones and knee surgery, but that these demands were denied because he was told it was against IDOC policy. *Id.*

Bosse did not submit a grievance regarding the January 18, 2017 attack. *Id.* Bosse admits he is familiar with the grievance process and has "filled out a lot of them, only to find out the grievance system does not work." In his complaint, which he filed on July 10, 2019, Bosse asserts he was told by someone that it was "against IDOC/Corizon policy to reset broken bones." Dkt. 41, at 10; Dkt. 3, at 2. As such, Bosse contends there were no

available administrative remedies to exhaust. Dkt. 3, at 2. Bosse also notes the damage he suffered from Corizon's purported inadequate medical care is permanent, and that exhaustion would thus be futile.[1] *Id*. Bosse seeks damages in the amount of one million dollars, as well as copies of x-rays, doctors' treatment notes, and medical files from January 2017. *Id.*

On January 21, 2021, Defendant filed its Motion for Summary Judgment, alleging Bosse failed to exhaust his administrative remedies. Bosse filed a Memorandum in opposition to Defendant's Motion, and Defendant replied to Bosse's Memorandum. *See* Dkts. 41, 42.

### III. ANALYSIS

Summary judgment is appropriate where the moving party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). One of the principal purposes of the summary judgment rule "is to isolate and dispose of factually unsupported claims or defenses." *Id.* at 322. It is not "a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated

---

[1] Bosse has not submitted a declaration from a medical expert suggesting that earlier intervention might have prevented the permanency of his conditions. Without such testimony, Bosse cannot say it was Corizon's failure to act that caused the permanency rather than the attack itself. Corizon has no responsibility for the attack.

and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327.

"The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). Material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248. Summary judgment is not appropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The Court does not make credibility determinations at this stage of the litigation, as such determinations are reserved for the trier of fact. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 507 (9th Cir. 1992). In considering a motion for summary judgment, the Court must also "view[] the facts in the non-moving party's favor[.]" *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017).

However, the Court need not accept allegations by the non-moving party if such allegations are not supported by sufficient evidence. *Anderson*, 477 U.S. at 249. Instead, the nonmoving party "must go beyond the pleadings and by its own evidence and 'set forth specific facts showing that there is a genuine issue for trial.'" *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (quoting Fed. R. Civ. P. 56(e)); *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (noting the nonmoving party must "identify with

particularity the evidence that precludes summary judgment."). "If the evidence is colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (cleaned up).

In the present case, Bosse argues Corizon violated his Eighth Amendment rights by refusing him treatment. Defendant argues summary judgment is appropriate because Bosse failed to exhaust available administrative remedies following the January 18, 2017 attack.

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*." *Woodford v. Ngo*, 548 U.S. 81, 87–88 (2006) (emphasis in original). The PLRA's exhaustion requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Proper exhaustion of administrative remedies requires "using all steps that the agency holds out, and doing so *properly*." *Pozo v. McCaughtry*, 286 F.3d 1002, 1024 (7th Cir. 2002). "Whether the administrative process actually produces a result that satisfies the inmate is not the appropriate inquiry. Instead, courts merely need to ask whether the institution has an internal administrative grievance process in place, then § 1997e(a) requires inmates to exhaust those procedures before bringing a prison conditions claim." *Massey v. Helman*, 196 F.3d 727, 733–34 (7th Cir. 1999).

A prisoner's failure to exhaust administrative remedies is an affirmative defense which the defendant must plead and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). On summary judgment, if a defendant initially shows that: (1) an available administrative

remedy existed; and (2) the plaintiff failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). If the plaintiff fails to meet this burden, the court should dismiss the unexhausted claims or action without prejudice. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Here, it is undisputed that Bosse did not submit a grievance regarding the medical care (or lack thereof) Corizon provided him after the attack on January 18, 2017. Corizon has also met its burden to satisfy the *Albino* requirements. First, Corizon has shown that there was an administrative remedy available to Bosse at the time of the January 2017 attack. Echo Barney, IDOC's Grievance Coordinator, submitted a declaration stating that the IDOC administrative remedies "are available to all offenders housed" there. *See* Dkt. 26-3, at 2. Mr. Barney also stated that Bosse "did not exhaust any Grievances regarding medical care" until well-after the January 2017 attack. *Id.* at 5-6. Further, Bosse admits he is familiar with the process and has filed several grievances. Therefore, the burden has shifted to Bosse to show that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

Bosse argues in his Memorandum in Opposition to Defendant's Motion that he was "denied the opportunity to grieve" because of "threats of destruction[.]" Dkt. 41, at 7. He asserts that threats to destroy the grievances he wanted to file—made by several unnamed members of the medical staff—caused the grievance process to be unavailable to him. *See*

*generally* Dkt. 41. Bosse's allegations are conclusory, inconsistent, baseless, and without any support. Conclusory statements, without adequate support or explanation, are insufficient to defeat a motion for summary judgment. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Parks v. McEvoy*, 2015 WL 435463, at *4 (N.D. Cal. Feb. 2, 2015). In addition, Bosse has admitted to being familiar with the grievance process and has filed more than 20 grievances, including grievances filed well after the January 2017 attack. *See, e.g.*, Dkt. 36-3, at 5. Accordingly, the Court finds Bosse has not shown that the administrative remedies were effectively unavailable to him during the period at issue.

For the above stated reasons, the Court finds Bosse failed to properly exhaust his available administrative remedies regarding the medical care provided or the attack that occurred in January 2017. Accordingly, granting Corizon's Motion for Summary Judgment is the proper avenue here.

## IV. ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Defendant's Motion for Summary Judgment (Dkt. 36) is GRANTED.

DATED: May 20, 2021

David C. Nye
Chief U.S. District Court Judge